UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHNSON, *et al.*                                                        CIVIL ACTION

VERSUS                                                                   No. 06-4256

STATE FARM FIRE AND CASUALTY
INSURANCE CO., *et al.*                                                  SECTION: I/5

ORDER AND REASONS

The matter before the Court is a motion to remand and for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure filed on behalf of plaintiffs, Christopher and Judith Johnson. Defendants in this matter are State Farm Fire and Casualty Company and Randy Juge. For the following reasons, plaintiffs' motion is **GRANTED**.

This Court has issued extensive opinions on the full range of legal issues regarding motions to remand in Hurricane Katrina insurance litigation. *See, e.g.*, *Bourgeois v. State Farm Fire & Cas. Co.*, No. 06-8037, 2006 WL 3344736 (E.D. La. Nov. 16, 2006); *Rizzuto v. Tully*, No. 06-6883, 2006 WL 3332832 (E.D. La. Nov. 14, 2006); *Jackson v. State Fire & Cas. Ins. Co.*, No. 06-4467, 2006 WL 3332835 (E.D. La. Nov. 9, 2006); *Yount v. Lafayette Ins. Co.*, No. 06-7382, 2006 WL 3240790 (E.D. La. Nov. 7, 2006); *Trosclair v. Security Plan Life Ins. Co.*, No. 06-9220, 2006 U.S. Dist. LEXIS 84100 (E.D. La. Nov. 6, 2006); *Richmond v. Chubb Group of Ins. Cos.*, No. 06-3973, 2006 WL 2710566 (E.D. La. Sept. 20, 2006); *Best v. Independent Ins. Assocs. Inc.*, No. 06-1130, 2006 WL 2710445 (E.D. La. Sept. 19, 2006); *Nash v. Harry Kelleher & Co.*, No. 06-1083, 2006 WL 2644960 (E.D. La. Sept. 14, 2006); *Smith Lupo Williams*

*Partners v. Carter*, No. 06-2808, 2006 WL 2548255 (E.D. La. Aug. 31, 2006).

After fully considering the law, the facts, and the arguments of all parties, the Court finds that the above-cited decisions, when applied to the facts of this case, dictate a remand. The Court is inundated with motions to remand in cases such as this one, and it is neither in the interest of justice nor judicial economy to issue an extensive, yet repetitive, opinion. The Court, therefore, incorporates the applicable legal standards and analysis from its prior opinions as though fully written herein.

Plaintiffs also request that Rule 11 sanctions be levied against defendants; however, plaintiffs present no argument in support of these sanctions and only note that defendants "should be assessed sanctions in the manner the Honorable Court feels would preclude additional filings of frivolous and/or fraudulent removal petitions."[1] The Court agrees with defendants' argument that plaintiffs' request fails to comply with the requirements of Rule 11. A motion for sanctions under Rule 11 "shall be made separately from other motions or requests." Fed. R. Civ. P. 11(c)(1)(A). "It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion . . . the challenged . . . claim . . . is not withdrawn or appropriately corrected." *Id.* Plaintiffs' request for sanctions was not set out in a separate motion, but was combined with their motion to remand. Further, plaintiffs' have not complied with the "safe harbor" provision of the Rule by serving its request for sanctions 21 days before filing with the Court. "The 'safe harbor' provision added to Rule 11 contemplates such service to give the parties at whom the motion is directed an opportunity to withdraw or correct the offending contention. The plain language of the rule indicates that this

---

[1] Rec. Doc. No. 5-2, p. 4.

notice and opportunity prior to filling is mandatory." *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995) .  For these reasons, plaintiffs' request will be denied.

Insofar as plaintiffs are requesting that the Court impose sanctions on its own initiative as envisioned by Rule 11(c)(1)(B), that request is also denied.  The Fifth Circuit has held that "in order to impose sanctions against an attorney under its inherent power, a court must make a specific finding that the attorney acted in 'bad faith.'"  *Id.* at 217 (quoting *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995)).  Plaintiffs have shown no evidence of defendants' bad faith; therefore, the Court declines to exercise its power to assess sanctions.

Accordingly,

**IT IS ORDERED** that plaintiffs' motion to remand[2] is **GRANTED**, and the case is **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson, Louisiana.

**IT IS FURTHER ORDERED** that plaintiffs' request for Rule 11 sanctions is **DENIED**.

New Orleans, Louisiana, December __11th__, 2006.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[2]Rec. Doc. No. 5.

3